**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re :                                                                                 Case No. **-6:17-bk-04239-CCJ**
                                                                                              Chapter 7
**Marla Buchwald**
                            Debtor(s).
_____/

MOTION FOR APPROVAL AND NOTICE OF COMPROMISE AND SETTLEMENT
BETWEEN TRUSTEE & DEBTOR

MARIE E. HENKEL, Trustee of the above captioned debtor estate, pursuant to F.R.B.P. 9019, moves for approval of a proposed compromise and settlement between the Trustee and Debtor, and gives notice to all interested parties of the proposed compromise. Trustee also requests that service of any order denying or granting this motion be limited to the Trustee, U. S. Trustee, Debtor, attorney for Debtor, and any person filing an objection to this matter.

BACKGROUND AND CONTROVERSIES

1. Marla Buchwald , the "Debtor", filed a Chapter 7 Bankruptcy petition on 06/27/17.

---

NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING

Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within twenty-one (21) days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail. If you object to the relief requested in this paper, you must file a response with the Clerk of the U.S. Bankruptcy Court, 400 W. Washington St., Ste. 5100, Orlando, FL 32801 and serve a copy on Marie E. Henkel, Trustee, 3560 S Magnolia Ave., Orlando, FL 32806; and on U. S. Trustee, 400 W. Washington St., Ste. 1100, Orlando, FL 32801.

If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

2. Debtor original Schedules A/B to the petition (docket no. 11), as well as her amended Schedules A/B (docket no. 38 and No. 43) failed to disclose an interest in an irrevocable

trust, named "MJMDS". The MJMDS Irrevocable Trust was established by the Debtor as the settlor and her children are beneficiaries.

3. Trustee discovered the existence of the MJMDS Irrevocable Trust after a finding a 2011 Honda CRV VIN 5J6RE3H38BL011087 being depreciated on Debtor's federal personal income tax return, but not listed in her schedules. At the 341 meeting of creditors, Debtor acknowledged that she did use the vehicle but had no ownership interest in said vehicle because the vehicle was purchased in the name of the Trust in 2011. No evidence of the source of funds used to purchase the vehicle was obtained by Trustee. Trustee believes that since the Debtor was the settler of the Trust, the funds came from the Debtor.

4. Debtor further testified at the meeting of creditors that the sole asset of the Trust is the 2011 Honda CRV.

5. Trustee contends that the vehicle or the value of the Trust is an asset of the Debtor's bankruptcy estate and should be liquidated for the benefit of Debtor's creditors.

6. Debtor asserts that the vehicle is beyond the reach of Debtor's creditors due to the Trust being established at the latest in 2011, is irrevocable and Debtor is not a beneficiary of the Trust.

## THE COMPROMISE

7. Trustee has agreed to accept and Debtor has agreed to remit $3,000.00, to the Trustee to resolve the controversy over the estate's interest in the vehicle and Trust. Debtor has agreed to remit $3,000.00, to the estate on or before December 29, 2017.

## BEST INTEREST OF THE ESTATE

8. Absent this settlement, the controversy would have to be litigated with no assurance of a favorable outcome to Debtor or the bankruptcy estate. While Trustee believes the estate's claim to the vehicle or the value of the Trust is meritorious, the probability of succeeding in further litigation is uncertain. The resolution of the controversy via the settlement provides a reasonable and favorable outcome to the Debtor and the bankruptcy estate and eliminates the risk of not prevailing in further litigation.

9. Trustee believes that the costs of litigation would diminish the recovery to creditors in this matter.

10. Trustee believes that this settlement is in the best interest of creditors, Debtor and the estate.

11. This Motion is being noticed to all creditors pursuant to Federal Rule of Bankruptcy Procedure 9019.

12. The legal standard for approval of settlement in the Eleventh Circuit is as outlined in *In re Justice Oaks, II, Ltd.,* 898 F.2d 1522, 1549 (11th Cir.) *cert denied* 498 U.S. 959 (1990). *Justice Oaks, II* requires that the Court consider: (1) the probability of success in litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending to it; and (4) the paramount interest of creditors and the proper deference to their reasonable views in the premises.  Trustee believes that the settlement of the controversy complies with the legal principles relied upon within these authorities.

13. The settlement of the controversy will permit the liquidation of an unliquidated asset of the estate.  The Trustee believes the settlement is in the best interest of the creditors and interested parties because it settles the controversy without further cost, risk or delays necessitated by litigation.

   WHEREFORE, Trustee prays that the Court, after notice and the lack of any response, enter an Order approving the settlement by allowing Trustee to accept $3,000.00, from Debtor, and relinquish any interest the estate may have in the 2011 Honda VIN 5J6RE3H38BL011087 and the MJMDS Irrevocable Trust and for such other and further relief as the Court deems just and proper.

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion was furnished by first class United States Mail, postage pre-paid, or by electronic delivery, this December 28, 2017, to all persons on a mailing matrix, attached to the original of this document, as furnished by the Clerk's office on December 28, 2017.

/s/ Marie E. Henkel

Marie E. Henkel, Trustee
Florida Bar No. 260320
3560 South Magnolia Avenue
Orlando, Florida 32806
Telephone : (407) 438-6738
Facsimile  : (407) 858-9466